**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LING HE; HUI HE, | No. 09-73591 |
| Petitioners, | Agency Nos. A099-538-362 |
| | A099-666-094 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Ling He and Hui He, natives and citizens of China, petition pro se for review

of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

With respect to Ling He, substantial evidence supports the agency's adverse credibility determination based on inconsistencies in her testimony and documentary evidence regarding her church attendance in Phoenix, her family members' occupations, and her efforts to obtain employment authorization. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). With respect to Hui He, substantial evidence supports the agency's adverse credibility determination based on the inconsistency between his testimony and his written statement regarding whether he was slapped in the face and whether he bled during his interrogation. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (adverse credibility finding supported by inconsistencies between testimony and application regarding injuries petitioner received during assaults). Further, petitioners' explanations for the inconsistencies do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Accordingly, their asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

09-73591

Finally, petitioners' CAT claims fail because they are based on the same statements the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not they would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**